IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV. NO. SA-13-CR-00088(1)-DAE |
| | ) | |
| CURTIS LYNCH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION TO SEVER

On April 29, 2013, the Court heard Defendant Curtis Lynch's Motion to Sever ("Motion").  ("Mot.," Doc. # 49.)  Charlie Strauss, Esq., appeared at the hearing on behalf of the United States ("the Government"); Joseph Esparza, Esq., appeared at the hearing on behalf of Curtis Lynch ("Lynch" or "Defendant"). After reviewing the motion and the supporting and opposing memoranda, the Court **DENIES** Defendant's Motion.

BACKGROUND

I.    Factual Background

Lynch and codefendants Precious Dibrell ("Dibrell") and Kenneth A. McKenzie ("McKenzie") are charged with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21

1

U.S.C. §§ 841(a)(1), 841(b)(1)(A) (Count 1), and aiding and abetting each other with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2 (Count 2).  (Doc. # 21.)

According to an affidavit filed by Drug Enforcement Administration ("DEA") Agent Richard T. Sanchez ("Agent Sanchez"), on January 14, 2013 Agent Sanchez received information from a confidential source that the confidential source was storing cocaine at his home on Lynch's behalf.  (Doc. # 1 at 2.)  That same day, with the confidential source's permission, Agent Sanchez seized five packages from the confidential source's home.  (Id.)  Each one weighed approximately 1 kilogram and contained a substance that tested positive as cocaine. (Id.)  The confidential source informed Agent Sanchez that he had been storing cocaine for Lynch for approximately 1 month, and had stored as much as 20 kilograms of cocaine at one time for Lynch during that time period.  (Id. at 3.)  The confidential source also told Agent Sanchez that a female he knew as "Precious" worked for Lynch.  (Id.)  According to the confidential source, Precious would come to his residence to pick up cocaine, which she would then deliver to Lynch for sale.  (Id.)  Agent Sanchez identified "Precious" as Precious Dibrell.  (Id.)

With the confidential source's consent, the DEA began monitoring the confidential source's telephone conversations with Lynch and Dibrell.  (Id.)

During these conversations, Lynch asked the confidential source where he was

storing the cocaine and provided the confidential source with instructions about

what to do with the cocaine in anticipation of an upcoming sale by Lynch.  (Id.)

On January 27, 2013, Lynch and Dibrell were arrested by the DEA after they

contacted the confidential source to make arrangements to pick up the cocaine.  (Id.

at 4.)  After Dibrell was Mirandized, she stated that she had been distributing

cocaine for Lynch.  (Id.)  After Lynch was Mirandized, he admitted that he had

been working with the confidential source to distribute cocaine.  (Id.)

II.   Procedural History

        After Lynch's arrest on January 27, 2013, he waived his right to a

preliminary hearing and a detention hearing (doc. # 19) and was ordered detained

without bond pending trial (doc. # 20).  On February 15, 2013, Lynch waived his

right to appear at an arraignment, and entered a plea of "not guilty."  (Doc. # 39.)

On March 26, 2013, the Court entered a Scheduling Order, which stated that Lynch

must notify the Court of any plea agreement by May 28, 2013, and set trial for June

3, 2013.  (Doc. # 46.)

        On March 29, 2013, Lynch filed the instant Motion to Sever.  ("Mot.,"

Doc. # 49.)  On April 2, 2013, the Government filed a Response in Opposition.

(Doc. # 60.)

## LEGAL STANDARD

I.   <u>Motion to Sever</u>

"The oft-cited general rule is that codefendants who are indicted together should be tried together." <u>United States v. Cortinas</u>, 142 F.3d 242, 252 (5th Cir. 1998) (citing <u>Zafiro v. United States</u>, 506 U.S. 534, 537 (1993)). This rule carries particular weight when codefendants are charged with committing the same conspiracy. <u>See</u> <u>United States v. Mikolajczyk</u>, 137 F.3d 237, 240 (5th Cir. 1998); <u>United States v. Featherson</u>, 949 F.2d 770, 773 (5th Cir.1991) ("This rule is especially strong when the defendants are charged with committing the same conspiracy."). Accordingly, "[j]oinder is the rule rather than the exception," <u>Mikolajczyk</u>, 137 F.3d at 240, and "a district court should grant a severance . . . only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reasonable judgment about guilt or innocence." <u>Zafiro</u>, 506 U.S. at 539. The denial of a motion to sever is reviewed only for abuse of discretion. <u>Mikolajczyk</u>, 137 F.3d at 240.

## DISCUSSION

Lynch argues that severance is warranted for two reasons. First, he contends that he and his codefendants may present "mutually antagonistic"

defenses at trial.  (Mot. at 2.)  Second, Lynch asserts that a joint trial may lead to a "Bruton violation."  (Id. at 3.)

I.    Mutually Antagonistic Defenses

       "Severance is not automatically required when co-defendants present mutually antagonistic defenses."  United States v. Matthews, 178 F.3d 295, 299 (5th Cir. 1999).  Instead, "joint defendants face a heavy burden in demonstrating to a district court that antagonistic defenses warrant granting a severance motion."  United States v. Daniels, 281 F.3d 168, 177 (5th Cir. 2002).  "[T]o compel severance the defenses must be more than merely antagonistic—they must be antagonistic to the point of being mutually exclusive . . . or irreconcilable."  United States v. Berkowitz, 662 F.2d 1127, 1133 (5th Cir. Unit B 1981) (collecting cases).  In other words, "the defenses must be so diametrically opposed that 'the jury, in order to believe the core of testimony offered on behalf of [one] defendant, must necessarily disbelieve the testimony offered on behalf of his co-defendant.'"  Daniels, 281 F.3d at 177 (quoting Berkowitz, 662 F.2d at 1134).

       Moreover, "[e]ven when such a conflict is present, giving rise to the risk of prejudice, the district court should take into account the public interests in judicial economy and the administration of justice served by joint trials and the possibility that limiting instructions or other less drastic measures will suffice to

cure any risk of prejudice." <u>Id.</u> (citing <u>Zafiro</u>, 506 U.S. at 538–39).  In <u>United States v. Mann</u>, for example, the Fifth Circuit explained that "where defendants present antagonistic defenses, instructions to consider the evidence as to each defendant separately and individually, and not to consider comments made by counsel as substantive evidence [may] suffice[] 'to cure any prejudice caused when co-defendants accuse each other of the crime.'"  161 F.3d 840, 863.  In other words, the mere fact that codefendants accuse each other of the crime—a situation that is not uncommon—does not, in and of itself, require severance.  If a jury instruction can cure any prejudice, severance is not necessary.

   Lynch fails to provide the Court with any information about the nature of the defenses he and his codefendants plan to present that would allow the Court to assess whether the defenses will be mutually exclusive.  Rather, he argues that he <u>may</u> be prejudiced <u>if</u> he chooses not to testify at trial and his codefendants suggest that his silence is proof of his guilt.  This argument fails for two reasons.  First, as noted above, it is not at all uncommon for codefendants to accuse each other of the crime, but an "instruction[] to consider the evidence as to each defendant separately and individually, and not to consider comments made by counsel as substantive evidence" may suffice to cure any prejudice caused by such accusations.  <u>Mann</u>, 161 F.3d at 863.  Second, this argument is wholly speculative.

6

At this point in time, it is unclear whether Lynch or his codefendants will go to trial and, if they do go to trial, whether any of them will take the stand—let alone the precise contours of the defenses they plan to present.  Given the dearth of information available to the Court regarding the potential for <u>actual</u> prejudice stemming from Lynch's codefendants' defenses, the Court concludes that severance is not warranted on this basis at this time.

II.     "<u>Bruton</u>" Violation

        In <u>Bruton v. United States</u>, 391 U.S. 123 (1968), the Supreme Court held that a defendant's Sixth Amendment right to confront the witnesses against him is violated by the admission of a non-testifying codefendant's inculpatory out-of-court statements.  A limiting instruction that directs the jury to consider the statements only in determining the confessing codefendant's guilt does not cure the violation.  <u>Id.</u> at 137 ("[I]n the context of a joint trial we cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross-examination.").  Where there is a <u>Bruton</u> violation or a <u>Bruton</u> violation is certain to occur, severance is proper.  <u>United States v. Restrepo</u>, 994 F.2d 173, 186 (5th Cir. 1993).

        <u>Bruton</u> only applies, however, where the codefendant's confession is "facially incriminating," <u>Richardson v. Marsh</u>, 481 U.S. 200, 207 (1987); in other

words, when the codefendant's statement "<u>directly</u> implicates the defendant,"
<u>United States v. Walker</u>, 148 F.3d 518, 522 (1998), <u>abrogated on other grounds by</u>
<u>Texas v. Cobb</u>, 532 U.S. 162 (2001); <u>see also</u> <u>United States v. Restrepo</u>, 994 F.2d
173, 186 (5th Cir. 1993) ("<u>Bruton</u> is not violated unless the co-defendant's
statement <u>directly</u> alludes to the appellant, even if the evidence 'makes it apparent
that the defendant was implicated by some <u>indirect</u> references.'") (quoting <u>United</u>
<u>States v. Beaumont</u>, 972 F.2d 91, 95 (5th Cir. 1992)).  Accordingly, "the
Confrontation Clause is not violated by the admission of a nontestifying
codefendant's confession with a proper limiting instruction when . . . the
confession is redacted to eliminate not only the defendant's name, but any
reference to his or her existence."  <u>Richardson</u>, 481 U.S. at 211; <u>see also</u> <u>United</u>
<u>States v. Whitmore</u>, 386 F. App'x 464, 468 (5th Cir. July 15, 2010) (holding that
there was no <u>Bruton</u> violation where the statement of each defendant was admitted
as evidence only against that particular defendant, not against any codefendants).

      Furthermore, there is no <u>Bruton</u> violation where the codefendant's
out-of-court statement falls within a "firmly rooted exception to the hearsay rule,"
such as the exception for coconspirators under Federal Rule of Evidence
801(d)(2)(E).  <u>United States v. Saks</u>, 964 F.2d 1514, 1525 (5th Cir. 1992); <u>see also</u>
Fed. R. Evid. 801(d)(2)(E) (a statement is not hearsay if offered against an

opposing party and "was made by the party's coconspirator during and in furtherance of the conspiracy").

Lynch is correct that there is potential for a <u>Bruton</u> violation in this case.  Lynch, Dibrell and McKenzie each allegedly made a post-arrest confession incriminating themselves and each other.  (Doc. # 60 at 5.)  However, it is uncertain whether Lynch's codefendants will go to trial and whether, if they do, they will testify.  If they go to trial and choose not to testify, it may be possible to avoid a <u>Bruton</u> problem by redacting Lynch's codefendants' statements to eliminate any reference to him.  Alternatively, the Government may be able to introduce Lynch's codefendants' confessions in their entirety pursuant to the hearsay exception for statements of coconspirators.  If it becomes apparent in the future that a <u>Bruton</u> violation is likely or certain to occur, Lynch may renew his motion to sever.  However, it would be premature to order severance on this basis at this time.

CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Sever without prejudice to refiling.  (Doc. # 49.)

IT IS SO ORDERED.

DATED: San Antonio, Texas, April 30, 2013

9

David Alan Ezra
Senior United States District Judge